J-A25027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                                :           PENNSYLVANIA
                                                                :
                              v.                                :
                                                                :
                                                                :
WILLIAM SCHOFIELD                           :
                                                                :
                          Appellant              :   No. 1389 WDA 2022

Appeal from the Judgment of Sentence Entered August 18, 2022
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001620-2020

BEFORE:   BOWES, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: February 9, 2024**

William Schofield appeals from the judgment of sentence imposed after a jury found him guilty of multiple sex offenses.  He challenges the trial court's denial of his motion to exclude expert testimony from the forensic interviewer and claims that the verdict was against the weight of the evidence.  Upon review, we affirm.

This case arises out of the sexual assault of a seven-year-old girl, N.B., by Schofield, her father.  For the first six years of N.B.'s life, Schofield had a minimal relationship with her.  In the year leading up to the assault, Schofield started having contact with N.B. once a week, usually by phone.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On April 28, 2020, Schofield contacted N.B.'s mother and asked if N.B. could have a sleepover at his house; she agreed. N.B. spent the night at her father's for the first time. Schofield's girlfriend and her daughter were also there. Schofield slept in the bedroom with his daughter that night.

A couple weeks later, N.B. had extreme vaginal discomfort. Her mother attributed it to laundry detergent, fabric sheets, or improper hygiene. On June 26, 2020, N.B. told her cousin that Schofield had sexually assaulted her when she stayed overnight at his house. N.B.'s mother took her to the hospital where testing revealed that she had chlamydia.

Schofield was arrested and charged with multiple offenses.

Prior to trial, Schofield filed a motion *in limine* to exclude the expert testimony of Jo Ellen Bowman, a forensic interviewer in the field of child sexual assault victim behavior. The Commonwealth indicated that it intended to present Bowman at trial to give her opinion regarding the dynamics that may impact the disclosure of abuse and child reporting behaviors. Schofield argued that her testimony was not sufficiently scientifically supported and did not satisfy the **Frye**[1] standard. Therefore, he claimed that Bowman should not be permitted to testify. Following a hearing, the trial court denied Schofield's motion.

---

[1] **Frye v. U.S.**, 293 F. 1013 (D.C. Cir. 1923).

On January 10, 2022, Schofield's case proceeded to trial. The jury deadlocked, and the court declared a mistrial. Two counts against Schofield were dismissed at that time.

The case was retried on May 13, 2022. The jury convicted Schofield on the remaining counts including statutory sexual assault (victim under 16 and perpetrator 11 years older), rape of a child, involuntary sexual intercourse with a child, unlawful contact with a minor, incest of a minor--complainant under 13, aggravated indecent assault--complainant under 13, indecent assault of person less than 13, and endangering the welfare of a child--parent or guardian.[2] The court sentenced Schofield to an aggregate sentence of 21-42 years' incarceration, with a consecutive 3 year term of probation. Schofield filed a post-sentence motion, which the court denied.[3]

Schofield filed this timely appeal. Schofield and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Schofield raises three issues for our review:

1. Was it error to deny [Schofield's] pretrial motion *in limine* regarding the testimony of the Commonwealth's expert witness Jo Ellen Bowman?

---

[2] 18 Pa.C.S.A. §§ 3122.1(b), 3121(c), 3121(d), 6318(a)(1), 4202(b)(1), 3125(a)(7), 3126(a)(7), and 4304(a).

[3] Schofield requested additional time to file a supplemental post-sentence motion, which the court granted, but did not file one.

2. Was it error to deny [Schofield's] motion for new trial based upon the weight of the evidence?

3. Did the lower court err cumulatively?

Schofield's Brief at 3 (excessive capitalization omitted).

In his first issue, Schofield claims that the trial court erred in two respects when it denied his motion *in limine* to exclude the expert testimony of Bowman.[4] First, Schofield maintains that the court erred in determining that Bowman's proposed testimony satisfied **Frye** because her **conclusions**, rather than the **methodology** used to reach those conclusions, were widely accepted. Schofield's Brief at 21. Second, Schofield maintains that the court erred when it stated that did not set forth "articulable grounds to believe that an expert witness had not applied accepted scientific methodology in a conventional fashion in reaching his or her conclusions." **Id.** at 17. Schofield contends that Bowman's testimony failed to satisfy **Frye** and should not have been admitted. Additionally, Schofield argues that the admission of this evidence was not harmless error. **Id.** at 22-23. We disagree.

This Court reviews the denial of a motion *in limine* to preclude the admission of evidence for an abuse of discretion. **Commonwealth v. Mangel**, 181 A.3d 1154, 1158 (Pa. Super. 2018). The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Tyson**, 119 A.3d 353, 357 (Pa. Super. 2015) (*en banc*)

_____

[4] We have reordered these arguments for ease of disposition.

- 4 -

(internal citation and quotation marks omitted); *see also Commonwealth v. Hoover*, 107 A.3d 723, 729 (Pa. 2014) (noting that an appellate court applies an evidentiary abuse of discretion standard when reviewing the denial of a motion *in limine*). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Walker*, 92 A.3d 766, 772-73 (Pa. 2014) (internal quotation marks and citations omitted).

Expert testimony is permitted in all trials "when it involves explanations and inferences not within the range of ordinary training[,] knowledge, intelligence and experience." *Id.* at 788. Expert testimony is governed generally by Rule 702 of the Pennsylvania Rules of Evidence. [5]

_____

[5] Rule 702, entitled "Testimony by Expert Witnesses," provides as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;

(b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and

(c) the expert's methodology is generally accepted in the relevant field.

*(Footnote Continued Next Page)*

To determine the admissibility of novel scientific evidence, Pennsylvania employs the **Frye** standard, which is incorporated into Rule 702.[6] **Grady v. Frito-Lay Inc.**, 839 A.2d 1038, 1043 (Pa. 2003). **Frye** permits novel scientific evidence to be admitted at trial "if the methodology that underlies the evidence has general acceptance in the relevant scientific community." **Walker**, 92 A.3d at 789 (citation omitted).

In seeking to exclude scientific evidence, that party has the burden to first demonstrate that the expert's testimony is based on novel scientific evidence. Scientific evidence is "novel" when "there is a legitimate dispute regarding the reliability of the expert's **conclusions**." **Commonwealth v. Safka**, 95 A.3d 304, 307 (Pa. Super. 2014) (emphasis added) (citation and quotation omitted). A reasonably broad meaning should be ascribed to the term "novel." **Betz v. Pneumo Abex, LLC**, 44 A.3d 27, 53 (Pa. 2012). It does not necessarily relate to the newness of the science or technology used in developing the conclusions. **Safka**, 95 A.3d at 308.

Once it is established that the scientific evidence in question is novel, the burden then shifts to the party offering the evidence. "[T]he proponent of the scientific evidence must show that the expert's methodology has general acceptance in the relevant scientific community despite the legitimate

_____

Pa.R.E. 702.

[6] The Pennsylvania Supreme Court first adopted the **Frye** standard in **Commonwealth v. Topa**, 369 A.2d 1277 (Pa. 1977).

dispute." ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1091 (Pa. 2017); ***Commonwealth v. Powell***, 171 A.3d 294, 308 (Pa. Super. 2017) (explaining the shift in burdens).

A trial court is not required to conduct a ***Frye*** hearing every time a party seeks to introduce scientific evidence. "Rather, a hearing is warranted only when the trial court has ***articulable grounds to believe*** that an expert witness has not applied accepted scientific methodology in a conventional fashion in reaching his or her conclusions." ***Jacoby***, 170 A.3d at 1091 (emphasis added).

Here, the trial court found that Schofield did not demonstrate that Bowman's conclusions were based on novel science. Schofield presented no evidence, such as research or articles, to demonstrate that the foundation of Bowman's conclusions or the conclusions themselves were disputed or that other schools of thought existed.[7] N.T., 11/10/21, at 107-108. Instead, Schofield focused on how various factors could impact Bowman's conclusions, which goes to the persuasiveness of her opinions, and the methodology underlying Bowman's intended testimony. ***Id.*** at 39, 41, 93-94. None of the questions pertained to the validity of the science used to reach these conclusions. Consequently, after Bowman testified, the court stated: "I can't

_____

[7] Based upon our review of the record, we observe that Bowman's testimony indicated the contrary. ***Id.*** at 60-61, 65-66.

find that there is any, that there is anything that legitimately disputes the reliability of [Bowman's] conclusions . . . ." N.T., 11/10/21, at 107-109.

Additionally, the trial court cited **Commonwealth v. Cramer**, 195 A.3d 594 (Pa. Super. 2018) in support of its determination. Trial Court Opinion, 1/31/23, at 36. In **Cramer**, the Commonwealth sought to present expert testimony regarding victim behaviors and dynamics involving sexual assault like the testimony in this case. The defendant filed a motion *in limine* claiming that this testimony was based on "human behavioral sciences of psychology, human development, and science," and that the Commonwealth was required to prove that such conclusions were based on generally accepted scientific methodology in the relevant scientific community. The trial court denied the defendant's request for a **Frye** hearing. On appeal this Court affirmed, concluding that the proposed expert testimony was not based on novel scientific evidence.

For these reasons, Schofield failed to satisfy **Frye's** threshold step of establishing the expert's testimony involved novel science. Therefore, the trial court did not have "articulable grounds" to consider Bowman's methodology.[8]

---

[8] Notwithstanding this, the court found that Bowman's methodology for arriving at her conclusions was generally accepted in the relevant field. **See** N.T., 11/10/21, at 109.

Thus, we conclude that the trial court did not abuse its discretion in denying Schofield's motion *in limine* and admitting the expert testimony of Bowman. Schofield's first issue merits no relief.

In his second issue, Schofield claims that the trial court erred by denying his motion for a new trial based on the weight of the evidence. Specifically, Schofield argues that the medical evidence showed that neither he, nor his various sexual partners, had chlamydia during the relevant time frame. According to Schofield, this evidence strongly disfavored any determination that he was the one who gave N.B. chlamydia, and, therefore, the weight of the evidence indicated he was not the one who assaulted N.B. Schofield's Brief at 23-24. Schofield, therefore, claims he is entitled to a new trial.

The trial court maintains that this issue is waived because Schofield only claimed generally in his Rule 1925(b) statement that the verdict was against the weight of the evidence without specifying a reason. Trial Court Opinion, 1/31/23, at 25, 27. As such, the court claims the statement was too vague to enable it to identify the issue raised on appeal and address it. *Id.* at 27. We agree.

"[A] concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686–87 (Pa. Super. 2001). To preserve a challenge to either the sufficiency or weight of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the elements or verdicts for which the appellant alleges that

the evidence was insufficient or against the weight of the evidence. *Commonwealth v. Juray*, 275 A.3d 1037, 1048 (Pa. Super. 2022) (citing *Commonwealth v. Freeman*, 128 A.3d 1231, 1248-49 (Pa. Super. 2015) (finding waiver of appellant's weight challenge where the Pa.R.A.P. 1925 statement was too vague to permit the court to identify which verdicts were contrary to the weight of the evidence, and the specific reasons why the verdicts were contrary to the weight of the evidence)). This is so even where the trial court issued an opinion addressing the substance of the claim. *Commonwealth v. Parrish*, 224 A.3d 682, 700 (Pa. 2020).

Here, Schofield did not specify in his concise statement which of his convictions he believed were against the weight of the evidence. Additionally, he did not specify why the verdict was contrary to the weight of the evidence. And, although the trial court addressed what it thought Schofield's argument was--issues relating to the credibility of N.B.--the court was unable to address the specific issue Schofield raised on appeal regarding the medical evidence. This is a clear example of why this rule must be strictly enforced. We, therefore, find that this issue is waived. Schofield's second issue warrants no relief.

In his third issue, Schofield claims that, although the errors herein may be considered harmless individually, the cumulative effect of these errors is prejudicial. As we have concluded that the trial court did not err regarding Schofield's first issue and that Schofield waived his second issue, his third issue likewise warrants no relief. *See Commonwealth v. Tedford*, 960 A.2d

1, 56 (Pa. 2008) (citation omitted) ("[N]o number of failed claims may collectively warrant relief if they fail to do so individually.").

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/09/2024