J-S20040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY EUGENE TASSA | : | |
| | : | |
| Appellant | : | No. 1313 MDA 2023 |

Appeal from the PCRA Order Entered September 18, 2023
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000322-2020

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: JUNE 24, 2024**

Appellant Bradley Eugene Tassa appeals from the order of the Court of Common Pleas of Snyder County dismissing his petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  As Appellant's court-ordered Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) statement") is so deficient that it precludes review of all of his issues on appeal, counsel's *per se* ineffectiveness in filing this statement requires this Court to remand for proceedings consistent with this decision.

In June 2020, Appellant was charged with Access Device Fraud, Theft by Unlawful Taking, Theft by Deception, Identity Theft, and Theft of Property (Lost/Mislaid/Delivered by Mistake).  On January 18, 2022, Appellant entered

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

a *nolo contendere* plea to Identity Theft. On February 23, 2022, Appellant was sentenced to six months' to five years' imprisonment.

On January 13, 2023, Appellant filed a *pro se* PCRA petition. On February 1, 2023, the PCRA court appointed Michael O'Donnell, Esq. ("Counsel") to represent Appellant and directed Counsel to file an Amended Petition within sixty days of its order.

On April 6, 2023, Counsel requested an extension of time to file the amended petition. On April 25, 2023, the PCRA court filed an order granting Counsel's extension request and directing Counsel to file the amended petition by May 2, 2023. Thereafter, on May 2, 2023, Counsel filed a second extension request asking for an additional three days to complete the petition. On May 4, 2023, Counsel filed his amended petition. On May 5, 2023, the PCRA court entered an order dismissing Counsel's second extension request as moot.

On August 11, 2023, the PCRA court issued an order to show cause as to why Counsel should not be held in contempt for failing to timely comply with its April 25, 2023 order to file the Amended Petition. On August 14, 2023, the PCRA court issued an order directing Counsel to address why the Amended Petition should not be dismissed as untimely.

On September 15, 2023, the PCRA court held a hearing at which it denied Appellant's Amended Petition which incorporated Appellant's original *pro se* petition. The PCRA court also found Counsel in contempt without imposing any additional penalty. On September 18, 2023, the PCRA court

entered separate orders denying Appellant's petition and finding Counsel in contempt.

On September 20, 2023, Appellant filed a notice of appeal from the order denying his PCRA petition.[2]  That same day, the PCRA court ordered Appellant to file a 1925(b) statement within twenty-one days of its order.  On October 5, 2023, Appellant filed his 1925(b) statement, which included the following issue:  "[w]hether the trial court erred/abused [sic] when it denied [Appellant's] Petition for Post Conviction Relief?"  Rule 1925(b) statement, 10/5/23, at 1.  On April 17, 2023, the PCRA court filed a responsive opinion, finding Appellant's issues on appeal to be waived as Appellant's 1925(b) statement was overly broad and vague such that it did not allow the PCRA court to prepare a responsive opinion on the merits of Appellant's claims.

On December 6, 2023, Counsel filed a petition to withdraw his representation as he reported that he had been elected District Attorney in Northumberland County and was closing his practice.  On December 8, 2023, the PCRA court granted Counsel's request to withdraw and appointed Eric Allen Williams, Esq. to represent Appellant.  On January 10, 2024, Atty. Williams entered his appearance in this Court on Appellant's behalf.  On April 28, 2024, this Court directed Atty. Williams to submit a notification on whether he would rely on Appellant's previously submitted appellate brief or whether he would

_____

[2] On October 5, 2023, Counsel filed a notice of appeal of the PCRA court's order finding him in contempt.  That appeal, which was docketed separately at 1387 MDA 2023, will be addressed in a separate decision of this Court.

file a new brief. On May 3, 2024, Atty. Williams notified the Court that he would rely on Appellant's previously submitted brief.

Before we reach the merits of the appeal, we must address Appellant's deficient 1925(b) statement. It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Rule 1925(b) also provides that an appellant's concise statement must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa.Super. 2020) (citation omitted).

As such, our courts have held that "[a] concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." **Commonwealth v. Schofield**, 312 A.3d 921, 927 (Pa.Super. 2024) (quoting **Commonwealth v. Dowling**, 778 A.2d 683, 686–87 (Pa.Super. 2001)). "The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised." **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa.Super. 2011).

In **Commonwealth v. Parrish**, 224 A3d 682 (Pa. 2020), our Supreme Court found that the appellant's 1925(b) statement, which vaguely challenged trial counsel's ineffectiveness, was "so wholly lacking in comportment with

Rule 1925(b)'s basic requirements that a finding of waiver is clearly warranted." *Id.* at 700. The Supreme Court explained that the appellant's Rule 1925(b) statement:

> did not identify any specific legal error committed by the PCRA court in its rulings on the multifarious claims of trial counsel ineffectiveness presented in the amended PCRA petitions, nor did it even identify *which* of those rulings were being challenged on appeal. Rather, it generically and capaciously encompassed every conceivable claim of ineffective assistance of trial counsel contained in the amended PCRA petitions. As such, it forced the PCRA court to guess which of its rulings were being challenged.

*Id.*

Similarly, in this case, Appellant's claim in his 1925(b) statement that the PCRA court abused its discretion in denying his PCRA petition fails to identify any specific claim of legal error, but instead generally attempted to include every possible argument that could be made regarding the denial of his petition. We agree with the PCRA court's assessment that this vague averment failed to give any guidance as to the issues Appellant intended to challenge on appeal and thus, the specific issues raised by Appellant in his appellate brief have been waived.

Further, we conclude that the filing of Appellant's deficient Rule 1925(b) statement, which resulted in the waiver of all of his possible arguments on collateral appeal, constitutes *per se* ineffectiveness. We recognize that our courts have applied the doctrine of prejudice *per se* only in "limited circumstances," such as when the defendant suffers from "the actual or constructive denial of counsel." ***Commonwealth v. Drayton***, 313 A.3d 954,

- 5 -

961 (Pa. 2024) (quoting **Commonwealth v. Rosado**, 150 A.3d 425, 429 (Pa. 2016)).  "[E]rrors which *completely* foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se*."  **Rosado**, 150 A.3d at 433 (emphasis in original).

The circumstances presented in this case are similar to those in **Parrish**, in which the Supreme Court deemed counsel's filing of an overly vague Rule 1925(b) statement to be *per se* ineffectiveness as counsel's failure to properly comply with Rule 1925(b) resulted in waiver that completely forfeited the appellant's right to review of all of his claims on collateral appeal.  **Parrish**, 224 A.3d at 701-702.  As a result, the Supreme Court determined in **Parrish** that the appropriate remedy was to remand for the reinstatement of the appellant's collateral appeal rights *nunc pro tunc*, reasoning that "whenever post-conviction counsel's performance is so deficient that it has entirely denied the post-conviction petitioner the right to appeal, remand to the lower court is the appropriate remedial action so that new counsel can take the necessary steps to restore that right."  **Id.**[3]

_____

[3] Pa.R.A.P. 1925(c)(3) also provides that "if an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge."

Similarly, in this case, Counsel's deficient 1925(b) statement denied Appellant the right to a collateral appeal. As the trial court has already appointed Appellant new counsel, we remand this case back to the PCRA court for newly-appointed counsel to file a Rule 1925(b) statement *nunc pro tunc.* The PCRA court subsequently must file a responsive opinion pursuant to Rule 1925(a).

This matter is remanded to the PCRA court to allow Appellant to file a new Rule 1925(b) statement *nunc pro tunc*. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/24/2024