J-S19027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMEEZA S. CHOWDHURY | : | |
| | : | |
| Appellant | : | No. 1491 MDA 2023 |

Appeal from the PCRA Order Entered September 28, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001172-2014

BEFORE: DUBOW, J., BECK, J., and COLINS, J.*

MEMORANDUM BY BECK, J.: **FILED: AUGUST 8, 2024**

Rameeza S. Chowdhury ("Chowdhury") appeals pro se from the order entered by the Berks County Court of Common Pleas ("PCRA court") dismissing her petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Because we conclude her claims are waived, we affirm.

A prior panel of this Court set forth the factual background of this case as follows:

> [The case arose] from an investigation by the Office of the Attorney General into Berks Psychiatry ("BP"), a medical office headed by Doctor Mohammed Khan. The Commonwealth received information that patients could walk [into] BP and receive prescriptions for certain controlled substances with little if any medical examination. A search warrant was executed on October 16, 2012, resulting in the seizure of numerous records and

---

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

approximately seven million dollars in cash. The lead investigator, Michael Golebiewski, determined that Dr. Khan unlawfully prescribed approximately 145,000 pills from January 1, 2012, through October 16, 2012.

[Chowdhury], BP's office manager, was charged as an accomplice to Dr. Khan with respect to prescribing three controlled substances (Xanax, Adderall, and Ritalin). In addition, the Commonwealth filed several charges particular to [Chowdhury] as a principal, which encompassed fraudulent billing, racketeering, perjury, and hindering prosecution. Briefly stated, the theory for the fraud charges concerned [Chowdhury's] involvement with falsifying documentation. The testimony indicated that patients who received Medicare would be seen for ten or fifteen minutes by the therapists, but the billing sheets would state the patients were seen for forty-five minutes. Additionally, Medicare would be billed for separate visits on different dates, *i.e.*, one day with the therapist and one day with Dr. Khan, when, in reality, the patients saw both persons on the same day. Several BP witnesses testified that [Chowdhury] ordered the alterations.

The final two charges, perjury and hindering prosecution, concerned a grand jury investigation initiated following execution of the search warrant. [Chowdhury] and several other BP employees were subpoenaed to testify. One employee, Gina Talarico, agreed to record conversations with [Chowdhury]. The Commonwealth introduced transcriptions of two conversations, which occurred on October 30, 2013, and October 31, 2013, as well as emails that [Chowdhury] sent after the recorded conversations, directing Ms. Talarico to give certain answers. [Chowdhury] testified at the grand jury proceeding that she did not speak to other employees regarding what they should say at the hearing.

***Commonwealth v. Chowdhury***, 577 MDA 2017, 2018 WL 3866188, at *1 (Pa. Super. filed Aug. 15, 2018) (non-precedential decision) (footnote omitted). After a non-jury trial on March 8, 2017, the trial court convicted Chowdhury of three counts of unlawful administration of a controlled substance by a practitioner, two counts of corrupt organizations, and one

count each of conspiracy, perjury, insurance fraud, and hindering prosecution.[2] On March 16, 2017, the trial court sentenced Chowdhury to an aggregate term of six to eighteen years of imprisonment to be followed by five years of probation. This Court vacated the insurance fraud conviction, affirmed the remaining convictions, and remanded for resentencing.[3] *Id.* On March 11, 2019, the trial court resentenced Chowdhury to an aggregate term of six to eighteen years of imprisonment to be followed by two years of probation. Chowdhury did not appeal.

On June 6, 2019, Chowdhury timely filed a pro se PCRA petition, her first. The PCRA court appointed counsel, who subsequently filed a petition to withdraw representation in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc). The PCRA court granted counsel's petition to withdraw on June 27, 2020, but did not dispose of the petition. On July 31, 2023, the PCRA court issued notice of its intent to dismiss Chowdhury's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure.

_____

[2] 35 P.S. § 780-113(a)(14); 18 Pa.C.S. §§ 911(b)(3)-(4), 903, 4902(a), 4117(a)(3), 5105(a)(3).

[3] In her direct appeal, the Commonwealth conceded that the fraud conviction must be vacated because "Medicare does not qualify as an 'insurer' for purposes of the charged statute." **Chowdhury**, 2018 WL 3866188, at *1 n.1.

- 3 -

Chowdhury filed a pro se response to the Rule 907 notice,[4] and on September 28, 2023, the PCRA court dismissed her petition. This appeal followed.[5] The PCRA court and Chowdhury both complied with the requirements of Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

Chowdhury presents the following two questions for our consideration:

I[.] Whether [Chowdhury] is guilty by association for drug crimes when she was employed by a medical doctor as an office manager, when it was the medical doctor[] who was convicted of drug sale crimes[,] and whether the government proved constructive possession or intent by the officer manager?

II[.] Whether the Commonwealth met its burden of proof in overcoming the protections of 35 P.S. [§] 780-113(a)(14)[,] which confers additional immunity from guilt by association for those good faith office manager employees of medical professionals who were convicted of drug crimes incidental to government overreach, subject to counsel review?

Chowdhury's Brief at 1 (unnecessary capitalization omitted).

_____

[4] Chowdhury's response to the Rule 907 notice was prepared by Mark Marvin ("Marvin") as Chowdhury's "next friend." **See** Response to Notice of Intent to Dismiss, 8/15/2023. There is no indication in the record that Marvin is an attorney who filed a praecipe for appearance or that Marvin sought or obtained "next friend" standing from the PCRA court to litigate the PCRA petition on Chowdhury's behalf. **See Commonwealth v. Haag**, 809 A.2d 271, 280 (Pa. 2002) (concluding that to have standing to seek PCRA relief on behalf of a prisoner, a putative "next friend" must demonstrate, inter alia, that the prisoner is incompetent). Shortly thereafter, Chowdhury filed a pro se "Supplemental Response to Mark Marvin's Response of Notice to Dismiss."

[5] On November 27, 2023, this Court entered an order directing Chowdhury to show cause why her appeal should not be quashed based on her defective notice of appeal. Chowdhury timely responded and complied with this Court's order to file an amended notice of appeal curing the defects.

Our review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Small*, 189 A.3d 961, 971 (Pa. 2018) (citations omitted).

We address Chowdhury's issues together. Chowdhury argues that she is "not guilty as a matter of law" because as officer manager, she performed administrative duties and "had nothing to do with drug crimes." Chowdhury's Brief at 5. She contends that, pursuant to *Ruan v. United States*, 597 U.S. 450 (2022), medical physicians—not officer managers like her—are responsible for prescribing controlled substances and she therefore cannot be held criminally liable for such "drug crimes." *Id.* Couched within the first issue, Chowdhury also argues that the Commonwealth did not prove she constructively possessed drugs because "office managers do not dispense drugs." *Id.* at 5-6. Chowdhury also argues that the Commonwealth did not prove she violated 35 P.S. § 780-113(a)(14) because that statutory subsection "immunized" her from prosecution and "provides additional insulation for those in close professional contact with offending physicians, as simply working in the offending physician's offices does not make her culpable for the doctor's crimes by association." *Id.* at 7-8. Chowdhury concludes, without expounding, that "[c]ounsel missed this law and its immunizing effect, ineffectively." *Id.* at 8. Chowdhury further takes issue with this Court's

decision in her direct appeal, contending we misapprehended Chowdhury's role while she worked at BP and failed to find that the Commonwealth "never proved [her] efficient office administration [was] a requisite component of [Dr. Khan's] drug business." *Id.* at 9-10.

We conclude that no relief is due on any of Chowdhury's claims. First, Chowdhury failed to raise these issues in her PCRA petition.[6] Accordingly all of Chowdhury's issues are waived on this basis. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see Commonwealth v. Paddy*, 15 A.3d 431, 446 (Pa. 2011) (stating that "[f]ailure to raise an issue before the PCRA court results in waiver") (citation omitted).

---

[6] The PCRA court summarized the issues in Chowdhury's PCRA petition: (1) ineffective assistance of trial counsel for (1) failing to call Dr. Khan as a witness, violating her right to confrontation; (2) failing to call David Gabello, a mental health field officer, who would have testified, inter alia, that BP was not a "pill mill" and Chowdhury had nothing to do with prescribing; (3) failing to call Noura Abouomar, an officer manager who would have testified that BP was not a "pill mill" and that Chowdhury only oversaw administration while Abouomar was the clinical supervisor; (4) failing to call Ishrath Khan, Dr. Khan's wife, who would have testified that Dr. Khan was under a lot of stress and that Dr. Khan told his wife that he falsely implicated Chowdhury; (5) failing to impeach witness Bolaji Owoloja; (6) failing to raise an objection that Chowdhury's emails and grand jury transcripts were altered and wiretaps were spliced; (7) failing to introduce at trial certain Allentown patient charts; and (8) having Chowdhury sign a factual stipulation relating to Dr. Khan's prescription practices. Rule 907 Notice, 7/31/2023, at 6-12; *see also Turner*/*Finley* No-Merit Letter, 2/28/2020, ¶¶ 23-33; PCRA Petition, 6/6/2019.

Additionally, Chowdhury's claims relating to the Commonwealth's failure to prove her guilt by association, constructive possession, and violation of 35 P.S. § 780-113(a)(14) are not eligible for relief under the PCRA. In addition to establishing that she was convicted of a crime for which she is currently serving a sentence for, a PCRA petitioner is further required to plead and prove that her sentence resulted from one of the errors provided in subsection 9543(a)(2) of the PCRA. 42 Pa.C.S. § 9543(a)(2)(i-viii). However, a petitioner cannot raise issues in a PCRA petition that have been previously litigated or waived. *Id.* §§ 9543(a)(3), 9544(a). Chowdhury's claims all center around her argument that she cannot be held criminally liable because she was merely an office manager who worked under the direction of Dr. Khan, which was previously litigated on direct appeal. *See Chowdhury*, 2018 WL 3866188, at *2-8 (finding that the Commonwealth presented sufficient evidence to support Chowdhury's conviction of all but her insurance fraud charges). Accordingly, Chowdhury's claims that the Commonwealth failed to prove her guilt by association, constructive possession, and violation of 35 P.S. § 780-113(a)(14) are ineligible for PCRA relief. *See* 42 Pa.C.S. §§ 9543(b)(3), 9544(a); *Commonwealth v. Brown*, 872 A.2d 1139, 1144 (Pa. 2005) (holding defendant's claim raised on direct appeal and rejected by the appellate court was a previously litigated claim under the PCRA and could not be presented or reviewed again on collateral review).

With respect to Chowdhury's conclusory, one sentence claim in her brief that counsel was ineffective for "missing" the law relating to 35 P.S. § 780-113(a)(14)—which she contends grants her immunity—we further find it waived for lack of specificity in her concise statement. Chowdhury's Rule 1925(b) statement claims "ineffective assistance of counsel" without further detail or explanation to identify the issue raised on appeal. *See* Rule 1925(b) Statement, 11/13/2023. We therefore find it waived for vagueness. *See Commonwealth v. Schofield*, 312 A.3d 921, 927 (Pa. Super. 2024) ("A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.") (citation, quotation marks, and brackets omitted); Pa.R.A.P. 1925(b)(4)(ii) (requiring concise statement of errors to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge").

Even if preserved, we would find any ineffectiveness claim waived for lack of development. "In considering an ineffective assistance of counsel claim, we observe first that counsel is presumed effective and that a petitioner bears the burden to prove otherwise." *Commonwealth v. Hamilton*, 303 A.3d 823, 830-31 (Pa. Super. 2023) (citation omitted). To establish an ineffectiveness claim, a petitioner must prove:

> (1) The underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error such that

there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* at 831 (citation, quotation marks, and brackets omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, [s]he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Id.* (citation and quotation marks omitted).

In her brief, Chowdhury provides no support for her claim of ineffectiveness and fails to offer any discussion of the three ineffectiveness prongs. *See* Chowdhury's Brief at 8. Because Chowdhury did not develop this issue, we would conclude it is also waived on this basis. *See Hamilton*, 303 A.3d at 831.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/8/2024