J-S36008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :              PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
DAYQUAN NAHSHADEEN GRAHAM      :
                               :
         Appellant             :   No. 1510 WDA 2024

Appeal from the Judgment of Sentence Entered October 29, 2024
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0003271-2023

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:            **FILED: December 10, 2025**

Dayquan Nahshadeen Graham appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County after he was convicted of criminal conspiracy[1] and robbery[2] at a nonjury trial. After careful review, we affirm.

We glean the following from the certified record. On the evening of September 29, 2023, Dion and Justine Williams, husband and wife, were victims of an armed robbery that occurred at their residence in Millcreek Township, during which their car keys, videogame systems, shoes, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903.

[2] 18 Pa.C.S.A. § 3701(a)(1)(ii).

approximately $1,000 were stolen. *See* N.T. Trial, 9/16/24, at 33-34. At least two assailants had entered the victims' home while they were not present, and upon their return, the victims were ambushed. *See id.* at 29. The assailants bound the victims with rope and blindfolded and struck victim Dion Williams in the head. *See id.* at 28-32. Shortly after the robbery occurred, victim Justine Williams described the perpetrators to a responding officer as young black males wearing facemasks, surgical gloves, and dark clothing. *See* Commonwealth's Exhibit 1.

Graham and co-defendant Rafeal Bradsher, two black males wearing dark clothing, were observed walking together within the vicinity of the crime scene soon after the crime occurred. *See* N.T. Trial, 9/16/24, 67. When an officer approached the pair, Graham fled through a parking lot and continued to evade responding officers until he was found hiding in a row of arborvitaes trees. *See id.* at 67-68, 91-92. An officer located Bradsher nearby walking southbound on West 12th Street. *See id.* at 95-96. When Graham and Bradsher were apprehended, officers recovered a black ski mask from Graham's person and a set of keys which were later determined to belong to the victims' Dodge Challenger from Bradsher's person. *See id.* at 93, 97-99. At the crime scene, officers observed a blood stain that they attributed to the gash the assailants had inflicted upon Dion Williams' head, and an officer observed that Bradsher had bloody knuckles and was breathing heavily, stuttering, and acting nervous and jittery when he was apprehended. *See*

Commonwealth's Exhibit 10; N.T. Trial, 9/16/24, at 76-78, 97. Graham and Bradsher were arrested and charged in connection with the incident.

On March 6, 2024, Graham filed a petition for writ of habeas corpus seeking dismissal of his charges based on the Commonwealth's alleged failure to prove a prima facie case at the preliminary hearing held before the Magisterial District Court. The trial court held a hearing and denied Graham's petition on May 1, 2024. A joint trial was held on September 13, 2024, at which Graham and Bradsher were represented by separate counsel. The Commonwealth presented the testimony of six witnesses, including that of victim Dion Williams, and introduced ten exhibits, including a responding officer's body-worn camera footage that depicted his interaction with the victims shortly after the crime occurred. At the close of the Commonwealth's case-in-chief, both defendants unsuccessfully moved for judgments of acquittal, and the court convicted Graham and Bradsher of conspiracy and robbery.

On October 29, 2024, the court imposed a sentence of 4½ to 9 years' imprisonment for Graham's conspiracy conviction and a concurrent sentence of 5½ to 11 years for his robbery conviction, to be followed by one year of re-entry supervision. Graham filed an omnibus motion for post-trial relief challenging the sufficiency of the evidence elicited at his preliminary hearing, habeas corpus hearing, and trial, which the court denied on November 6, 2024. Graham filed a notice of appeal on December 4, 2024. Both Graham

and the trial court have complied with Pa.R.A.P. 1925. ***See*** Pa.R.A.P. 1925(a), (b).

On appeal, Graham presents the following issues for our review:

(1)   [Whether the] magisterial district justice erred in ruling that the evidence presented at the preliminary hearing was sufficient to establish a prima facie case even though any testimony connecting [] Graham to the crime was hearsay evidence presented by law enforcement.

(2)   [Whether the] trial court erred in ruling at the habeas corpus hearing in this case that the evidence presented at that hearing was sufficient to establish a prima facie case when no testimony was presented by any witness identifying [] Graham as a perpetrator of the crime.

(3)   [Whether the] evidence presented at trial in this case was not sufficient to find [] Graham guilty of any of the charges, as the victims specifically stated at the trial, and no evidence was presented to the contrary, that [] Graham was [not] the perpetrator of the crimes in question.

Appellant's Brief, at 2 (numbering provided; unnecessary capitalization omitted).

In his first and second issues, Graham challenges the magisterial district court's and the trial court's determination that the Commonwealth presented sufficient evidence to establish a prima facie case to support his conspiracy and robbery charges.

Whether the Commonwealth met its burden of presenting a prima facie case is a question of law for which our standard of review is de novo, and our scope of review is plenary.

At the preliminary hearing stage of a criminal prosecution, the Commonwealth's burden is not to prove a defendant's guilt beyond a reasonable doubt; rather, it is merely to put forth a prima facie case of the defendant's guilt. The Commonwealth

- 4 -

carries its burden of showing a prima facie case when it produces evidence of each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense. The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. In making this determination, the court must consider the evidence in the light most favorable to the Commonwealth's case and make all inferences reasonably drawn from the evidence of record in the Commonwealth's favor.

*Commonwealth v. Carter*, 332 A.3d 867, 871-72 (Pa. Super. 2025) (citations and quotation marks omitted). If a defendant alleges that the Commonwealth failed to satisfy its burden of establishing a prima facie case at the defendant's preliminary hearing, the filing of

[a] pre-trial habeas corpus motion is the proper means for [the defendant to] test[] whether the Commonwealth has sufficient evidence to establish a prima facie case. To demonstrate that a prima facie case exists [at the defendant's habeas corpus hearing], the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein. To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

*Commonwealth v. Little*, 305 A.3d 38, 45 (Pa. Super. 2023) (italics and citations omitted).

In his first issue Graham avers that the magisterial district court erred in ruling that the evidence presented by the Commonwealth at his preliminary hearing was sufficient to establish a prima facie case because the only testimony connecting him to the crimes committed against Dion and Justine Williams was the hearsay statements of law enforcement officers. ***See***

Appellant's Brief, at 4-9. Relatedly, in his second issue, Graham contends that the trial court erred in ruling that the evidence presented at his habeas corpus hearing was sufficient to establish a prima facie case because the Commonwealth did not present any witness testimony identifying Graham as a perpetrator of the crimes. *See id.*

The Commonwealth maintains that Graham's adjudication of guilt renders moot his contention that the Commonwealth failed to establish a prima facie case at his preliminary and habeas corpus hearings. *See* Appellee's Brief, at 2. We agree.

> It is well settled that when, at trial, the Commonwealth proves the offense beyond a reasonable doubt, any defects at a preliminary hearing regarding the sufficiency of the evidence are considered harmless. Indeed, once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial.

*Commonwealth v. Dixon*, 276 A.3d 794, 799 (Pa. Super. 2022) (quotation marks, brackets, and citations omitted); *see Commonwealth v. Bibbs*, 970 A.2d 440, 452 (Pa. Super. 2009) ("In order to have properly contested the denial of his request for habeas corpus relief, Appellant should have sought to take an immediate appeal by permission pursuant to 42 Pa.C.S. § 702(b).") (citation omitted).

Because Graham was convicted of conspiracy and robbery, beyond a reasonable doubt, at trial, his first two issues challenging the magisterial district court's and the trial court's determination that the Commonwealth presented a prima facie case are moot. *See Commonwealth v. Haney*, 131

A.3d 24, 36 (Pa. 2015); *Dixon*, 276 A.3d at 799. Accordingly, he is not entitled to relief on these claims.

In his third issue, Graham challenges the sufficiency of the evidence to sustain his conspiracy and robbery convictions based on the lack of identification evidence presented at trial. *See* Appellant's Brief, at 2; 1925(b) Statement, at ¶ 6c. "Because a determination of the sufficiency of the evidence presents a question of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Ewida*, 333 A.3d 1269, 1279 (Pa. Super. 2025) (italics, internal quotation marks, and citation omitted).

> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

*Id.* (citation omitted).

"This Court has held that, in addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes." *Commonwealth v. Gonzalez*, 258 A.3d 495, 2021 WL 2288076, at *3 (Pa.

Super. filed June 4, 2021) (unpublished memorandum)[3] (citing

***Commonwealth v. Smyser***, 195 A.3d 912, 915 (Pa. Super. 2018)) (internal

quotation marks and brackets omitted).

> [E]vidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

***Id.*** (citation omitted).

> Instantly, the trial court explained:

> This court can find no part of the trial transcript where the victim, Dion Williams, states that [] Graham was, or was not, one of the perpetrators of the crimes charged. Be that as it may, a guilty verdict does not require that the victim of a crime positively identify a defendant on trial as being one of the perpetrators of a crime charged.

> \* \* \*

> At trial, the court found that the Victim, Dion Williams, was very intoxicated at the time of the crime—so intoxicated that his testimony was unreliable except for the fact that a robbery had taken place, and various items were stolen, including car keys to a Dodge Challenger, which were found in the possession of the co-defendant Bradsher.

> \* \* \*

---

[3] This Court may rely on unpublished decisions filed after May 1, 2019, for their persuasive value. ***See*** Pa.R.A.P. 126(b).

This was a non-jury trial. As the court observed after all the evidence was in and both the Commonwealth and the two Defendants had rested their cases and given short summations: The Dodge Challenger vehicle was near the location of the robbery; the Dodge car keys that operated the Dodge Challenger were found on [ ] Bradsher; the locations of [Graham and Bradsher] when they were found and apprehended were near the scene of the robbery, and all locations were within walking or running distance of each other. [Both co-defendants fit the reported description of the robbers, and ] Graham fled as soon as he was approached by Millcreek Police in a patrol car[, which] showed his consciousness of guilt[. W]hen searched, Graham was found to have black clothing and a black ski mask in his possession. This evidence taken together with all of the other circumstantial evidence indicates[, ] beyond a reasonable doubt, [that ] Graham[] is guilty of [committing] the robbery and conspiracy.

Trial Court Opinion, 9-11 (record citation and unnecessary capitalization omitted).

Our independent review of the record supports the trial court's finding that the evidence was sufficient to establish Graham's identity as the perpetrator in this matter. *See Ewida*, 333 A.3d at 1279. Moreover, "to the extent [Graham] challenges the identification evidence based on conflicts in evidence, the accuracy of the witness's identification, or witness credibility, those issues go to the weight, not the sufficiency of the evidence." *Gonzalez*, 258 A.3d 495, 2021 WL 2288076, at *4 (citing *Commonwealth v. Kinney*, 157 A.3d 968, 972 (Pa. Super. 2017)). Therefore, Graham's challenge to the sufficiency of the identification evidence does not merit relief.

Moreover, we note that, for the first time in his brief, Graham contends that the Commonwealth failed to prove the statutory elements of robbery and conspiracy. *See* Appellant's Brief, at 12-15. Graham is not entitled to relief.

> Issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a)[.] Moreover, it is well-settled that issues that are not set forth in an appellant's statement of matters complained of on appeal are deemed waived. [*See*] Pa.R.A.P. 1925(b)(4)(vii).

*Commonwealth v. Moore*, 263 A.3d 1193, 1199 (Pa. Super. 2021) (quotation marks and case citations omitted).

Here, Graham did not challenge the sufficiency of the evidence in the trial court on any basis other than identification. Similarly, his Rule 1925(b) statement and statement of questions involved only challenge identification evidence. *See* Rule 1925(b) Statement, at ¶ 6c; Appellant's Brief, at 2. Therefore, Graham failed to preserve any challenge to the sufficiency of the evidence to support the statutory elements of robbery and conspiracy. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."), 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *Commonwealth v. Schofield*, 312 A.3d 921, 927 (Pa. Super. 2024) ("To preserve a challenge to … the sufficiency … of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the elements …

for which the appellant alleges that the evidence was insufficient.") (citation omitted).

Furthermore, even if Graham properly preserved his statutory challenges, the evidence, as explained by the trial court, when considered in the light most favorable to the Commonwealth, was sufficient to establish that Graham conspired with Bradsher, in the course of committing a theft, to "threaten[ the victims] with or intentionally put[ them] in fear of immediate serious bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(ii); *see* 18 Pa.C.S.A. § 903.

Based on the foregoing, we affirm Graham's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/10/2025

- 11 -