J-S32008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER JONATHAN GILLIS | : | |
| | : | |
| Appellant | : | No. 1847 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 28, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000693-2021

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED: DECEMBER 11, 2025**

Peter Jonathan Gillis appeals from his judgment of sentence, entered in the Court of Common Pleas of Luzerne County, after a jury convicted him of one count each of first-degree murder and recklessly endangering another person ("REAP"). After review, we affirm.

We need not provide a recitation of the underlying facts of this case because we find all of Gillis' claims waived for failure to comply with our rules of appellate procedure. Here, Gillis' Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal is woefully inadequate to preserve his arguments.

A Rule 1925(b) concise statement that is too vague can result in the waiver of issues on appeal. ***See Commonwealth v. Arnold***, 284 A.3d 1262,

_____

[*] Former Justice specially assigned to the Superior Court.

1279 (Pa. Super. 2022). We consider each of the five errors raised by Gillis in his concise statement, and then again reframed in his statement of the questions involved, to be too vague for appellate review. Gillis' statements contain mere boilerplate and conclusory language and do not provide sufficient detail such that the trial court would have been able to properly identify the pertinent issues.[1] Therefore, Gillis' five claims are all waived.[2] **See Commonwealth v. McIntyre**, 333 A.3d 417, 432 (Pa. Super. 2025) (challenge to sufficiency of evidence waived when Rule 1925(b) statement does not identify specific elements appellant claims Commonwealth did not prove); **Commonwealth v. Schofield**, 312 A.3d 921, 927 (Pa. Super. 2024) (challenge to weight of evidence waived when Rule 1925(b) statement is too

---

[1] For example: "The Court should have granted Mr. Gillis's pre-trial Motions regarding expert witnesses. The Court erred in denying such evidence to be presented at trial, and the resulting verdict should be overturned and/or a new trial should be ordered." Concise Statement of Errors Complained of on Appeal, 1/8/25. Also,

> The verdict of guilty of Criminal Homicide, Murder of the First Degree following trial was against the weight of the evidence. The evidence presented at trial was so tenuous, vague, and uncertain, that the verdict shocks the conscience and should not stand. As the verdict was contrary to the weight of the evidence, the Court erred in entering the verdict, and the verdict should be overturned and/or a new trial should be ordered.

**Id.**

[2] Even if Gillis had properly raised his claims in his concise statement, they would still be waived due to his failure to properly develop his argument with "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a); **see also Commonwealth v. Armolt**, 294 A.3d 364, 377 (Pa. 2023).

vague for trial court to identify why verdicts were contrary to weight of evidence). Accordingly, we affirm Gillis' judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/11/2025